# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ORIENT TEETRICK,**

        **Plaintiff,**

**v.**                                                                Case No:   6:18-cv-2061-Orl-22DCI

**BANK OF AMERICA, N.A. and JAMES E. ALBERTELLI, P.A.,**

        **Defendants.**

## ORDER

This cause comes before the Court on Defendant Bank of America, N.A.'s, ("BANA") Motion to Dismiss Plaintiff Orient Teetrick's Complaint. (Doc. 24). Plaintiff responded in opposition (Doc. 26) and BANA replied (Doc. 30). The Motion is now ripe for review. For the foregoing reasons, the Court will **GRANT** BANA's Motion. All of the counts against BANA (Count I, II, and III) will be **DISMISSED with prejudice** and BANA will be **TERMINATED** as a party to this action. This case will proceed as to Defendant James E. Albertelli, P.A.

### I. BACKGROUND

This is an action for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") based on a pending mortgage foreclosure proceeding in state court. Plaintiff owns a parcel of land located at 335 Lakeview Avenue, Titusville, Florida 32796, in Brevard County. (Doc. 1 ¶ 3). The property is her homestead. (*Id.*)

On December 15, 2006, Plaintiff and her husband Robert Teetrick executed mortgage loan documents which resulted in a lien on the property. (*Id.* ¶ 10). Plaintiff did not sign the note, but she did sign the mortgage. (*Id.*) (citing Doc. 1-1 at 17& 25). BANA is the original creditor and lender secured by the mortgage. (*Id.* ¶ 13) (citing Doc. 1-1 at 9). The mortgage defined "Borrower" as "ROBERT A. TEETRICK and includes all co-signers and co-makers signing the Credit

Agreement and all their successors and assigns." (*Id.* ¶ 10) (citing Doc. 1-1 at 24). The mortgage also defined Plaintiff and her husband as "grantors." (Doc. 1-1 at 24). Moreover, the mortgage also provided:

> Any Grantor or Trustor who signs this Deed of Trust, Mortgage or Modification ("Security Instrument") but does not execute the Note or Credit Agreement ("Non-borrower Grantor or Trustor"): (a) is signing only to grant, bargain, sell and convey such Non-Borrower Grantor's or Trustor's interest in the Property under the terms of this Security Instrument; (b) is not by signing becoming personally obligated to pay the Note or Credit Agreement; …."

(Doc. 1 ¶ 10) (quoting Doc. 1-1 at 23). Plaintiff is an elderly woman who always made timely payments on the mortgage loan via her telephone. (*Id.* ¶ 11). In the fall of 2016, her husband passed away. (*Id.*) After his passing, Plaintiff continued to make her payments on the mortgage loan. (*Id.*) In April 2017, BANA first realized that her husband had passed away. (*Id.*) When Plaintiff attempted to make her April 2017 payment, BANA declined to accept the payment, stating that it could only talk to Plaintiff's late husband and because Plaintiff was not a borrower, it could not take her payment. (*Id.*)

On April 5, 2018, BANA filed a mortgage foreclosure action against Plaintiff and other unnamed defendants in the Brevard County Circuit Court to foreclose on Plaintiff's property and collect amounts allegedly due under the promissory note in the form of a deficiency judgment.[1] (*Id.* ¶ 14). Defendant James E. Albertelli, P.A., filed the foreclosure action on BANA's behalf. (Doc. 1-1 at 4–6). Collectively, these defendants are referred to as "Defendants."

Plaintiff takes issue with numerous statements made by Defendants in the foreclosure proceeding. Defendants served a summons on Plaintiff which stated, "If you do not file your

---

[1]The foreclosure action *is Bank of America, N.A. v. Teetrick*, No.05-2018-022620 (Fla. Cir. Ct. filed Apr. 5, 2018). Per BANA's request, the Court takes judicial notice of the records in the underlying state court case. *See, e.g.*, *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (citations and internal quotations omitted). The foreclosure action was set for bench trial on September 25, 2018. (Doc. 24-1). However, the trial was continued and a date has not been set. (*Id.*)

response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court." (Doc. 1 ¶ 16). In the foreclosure complaint, it states, "Plaintiff must be paid $98,038.12 in principal on the Note and Mortgage, together with interest from April 1, 2017, late charges, and all costs of collection including title search expenses for ascertaining necessary parties to this action and reasonable attorney's fees." (*Id.* ¶ 17). In the complaint's wherefore clause BANA also requested that the state court retain jurisdiction over the foreclosure "to make any an all further orders and judgments as may be necessary and proper, including. . . the entry of a deficiency decree. . . ." (*Id.* ¶ 18). Defendants also filed and served on Plaintiff a form titled "Value of Real Property or Mortgage Foreclosure Claim" which indicated the Plaintiff was a defendant in the foreclosure action and that she owed $98,038.12. (*Id.* ¶ 20). In the present case, the crux of Plaintiff's claims is that she is not personally liable for the debt since she did not sign the note and that Defendants violated the FDCPA by making these statements, wrongly implying that she was personally liable for the debt and other charges.

Every month BANA calls Plaintiff's home phone several times looking for her late husband. (*Id.* ¶ 21). During these calls, Plaintiff reminds BANA that her husband passed away and asks if she can make a payment. (*Id.*) BANA tells her that they cannot talk to her and they cannot take her payment. (*Id.*) These constant calls cause Plaintiff pain and suffering in the form of mental and emotional distress, nausea, sleeplessness, depression, and anxiety. (*Id.*)

Plaintiff retained counsel on a partial contingent fee agreement to defend her in the foreclosure action because the action put her at risk of a deficiency judgment. (*Id.* ¶ 28). On November 15, 2018, Plaintiff's counsel deposed Natasha Moodie, BANA's corporate representative, in connection with the foreclosure action. (*Id.* ¶ 29). Moodie testified that BANA is seeking a deficiency judgment against Plaintiff in the foreclosure action and that she did not know if BANA owned the debt. (*Id.*)

On November 30, 2018, Plaintiff filed this FDCPA action against Defendants. (Doc. 1). Plaintiff brings six counts: three against BANA (Count I, II, and III) and three against Defendant James E. Albertelli, P.A. (Counts IV, V, and VI). (*Id.*) On December 28, 2018, Defendant James E. Albertelli, P.A, filed its Answer and Affirmative Defenses. (Doc. 18). On January 7, 2019, BANA filed its Motion to Dismiss. (Doc. 24). On January 15, 2019, Plaintiff filed her Response. (Doc. 26). After being granted leave by the Court (Doc. 28), BANA filed its Reply on January 28, 2019. (Doc. 30).

## II. LEGAL STANDARD[2]

For purposes of deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, the Court

---

[2] BANA asserts that the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) applies to Plaintiff's FDCPA claims. (Doc. 24 at 4–5). However, this Court declines to apply this standard. The Court recognizes that there is a split of authority among district courts as to whether Rule 9(b) applies to FDCPA claims. *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C.*, 114 F. Supp. 3d 1342, 1371 (N.D. Ga. 2015) (citing cases that illustrate the split of authority on this issue). Nonetheless, when deciding a 12(b)(6) motion, this Court has applied Rule 8(a)'s plausibility standard to FDCPA claims and will do so in this case. *See,e.g.*, *Wright v. Santander Consumer USA, Inc.*, No. 6:18-CV-263-ORL-22KRS, 2018 WL 2095171(M.D. Fla. May 1, 2018) (Conway, J.); *Rojas v. Law Offices of Daniel C. Consuegra, P.L.*, 142 F. Supp. 3d 1206 (M.D. Fla. 2015) (Conway, J.). BANA fails to cite to any Eleventh Circuit or Supreme Court cases mandating that Rule 9(b) be applied to FDCPA claims. "[O]nly the decisions of the Supreme Court and [the Eleventh Circuit] are binding on the district courts of this circuit." *Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228, 1248 n.15 (11th Cir. 2002).

is not required to accept as true a legal conclusion merely because it is labeled a "factual allegation" in the complaint; it must also meet the threshold inquiry of facial plausibility. *Id.* Generally, a Rule 12(b)(6) motion is limited to the face of the complaint and any attachments. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### III. DISCUSSION

Plaintiff brings three counts against BANA for alleged FDCPA violations. To assert an FDCPA claim against BANA, Plaintiff must allege that: (1) she has been the object of collection activity arising from consumer debt; (2) BANA is a debt collector as defined by the FDCPA; and (3) BANA has engaged in an act or omission prohibited by the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010). The central issue is whether BANA is a debt collector as defined by the FDCPA.

Pursuant to the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or *due another*." 15 U.S.C § 1692(a)(6) (emphasis added). This does not include creditors—a person collecting or attempting to collect a debt "originated by such person." *Id.* § 1692a(6)(F)(ii). Therefore, creditors are generally not subject to liability under the FDCPA.[3] *See, e.g.*, *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015) ("Unlike debt collectors, creditors typically are not subject to the FDCPA.") (citation omitted); *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1262 n.3 (11th Cir. 2014) ("[T]he FDCPA does not apply to all creditors; it applies only to professional debt-collectors. . . .").

---

[3]The Court notes that there are recognized exceptions to this rule: (1) when in collecting its own debt, a creditor uses a different name to indicate that a third party is collecting the debt and (2) if the creditor bought a debt already in default at the time the creditor acquired it. 15 U.S.C. § 1692a(6). Plaintiff does not argue that either of these exceptions apply in this case.

In the Complaint, Plaintiff fails to allege that BANA's principal purpose is the collection of debts or that BANA "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C § 1692(a)(6).[4] Instead, Plaintiff alleges that BANA "is a debt collector as it relates to its attempts to collect this debt from the Plaintiff when the Plaintiff was never an obligor on the debt and when the Plaintiff was never a borrower on the Note or Mortgage." (Doc. 1 ¶ 26). However, under the Complaint's allegations and attachment, BANA is a creditor, not a debt collector, under the FDCPA.

In the Complaint, Plaintiff alleges that BANA is the original creditor and lender of the loan. (Doc. 1 ¶ 13). Plaintiff attached a copy of the mortgage and note, establishing that this allegation is true. (Doc. 1-1 at 9–27).[5] This confirms that BANA was attempting to collect a debt that it originated. Thus, BANA is excluded from the definition of a debt collector under § 1692(a)(6)(F)(ii) as it is a creditor. *See, e.g.*, *Helman v. Bank of Am.*, 685 F. App'x 723, 726 (11th Cir. 2017) ("As the originator of those loans, the Bank is plainly not subject to the provisions of the FDCPA. There is simply no indication that the terms of the statute were meant to apply where, as here, the Bank originated the loans in question and then sought to collect on them.")[6]; *Pinson v. JP Morgan Chase Bank, Nat. Ass'n*, 646 F. App'x 812, 815 (11th Cir. 2016) ("[B]ecause Chase was the lender, Pinson's argument that Chase was a debt collector for purposes of the FDCPA fails. Section 1692a(6)(F) exempts original creditors, such as Chase, from its definition of debt collector.") (citation omitted); *Rawls v. Wells Fargo Bank, N.A.*, No. 8:18-CV-2571-T-33TGW, 2019 WL 293325, at *4 (M.D. Fla. Jan. 23, 2019) ("The Complaint and its attached exhibits reveal

---

[4]Notably, Plaintiff makes these allegations as to Defendant James E. Albertelli, P.A. (Doc. 1 ¶ 27).
[5]Plaintiff re-iterates this in her Response by stating *"[a]s the originator and servicer of the loan*, [BANA] knew [Plaintiff] did not owe the debt as she did not sign the promissory note." (Doc. 26 at 11) (emphasis added).
[6]Unpublished opinions of the Eleventh Circuit constitute persuasive, not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6.

that Wells Fargo is exempt from the definition of a debt collector. Specifically, Fournier's mortgages state they were originated by Wells Fargo.").

In Plaintiff's Response, she makes numerous unpersuasive arguments. Plaintiff's chief argument is that as to Plaintiff, BANA is a debt collector because Plaintiff was the object of BANA's debt collection activity on a debt that she did not owe. (Doc. 26 at 4). Plaintiff highlights that BANA knew it was not her creditor as it refused to accept her payments on Robert Teetrick's debt. (*Id.* at 5). Plaintiff contends that it is irrelevant that BANA originated the debt. (*Id.* at 4). The Court disagrees. As stated in *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355 (6th Cir. 2012), which Plaintiff relies, "as to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive." *Id.* at 359 (quoting *FTC v. Check Inv'rs, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007), *abrogated on other grounds by Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017)). Plaintiff suggests that a party's status as a debt collector can change according to who that party pursues for collection of the debt. Plaintiff implies that BANA is a creditor as to her late husband but not as to her. However, in this case, under *Bridge* and the FDCPA, BANA's status depends on its relationship to the debt. As discussed *supra*, BANA, as the originator of the debt, is not considered a debt collector. Moreover, none of the cases cited by Plaintiff involve a defendant being a debt collector as to one party but not as to another party for the same debt. *See, e.g.*, *Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004) (considering the issue of a debt collector posing as a creditor); *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296 (S.D. Fla. 2016) (discussing the FDCPA in the identity theft context); *Kuria v. Palisades Acquisition XVI, LLC*, 752 F. Supp. 2d 1293 (N.D. Ga. 2010) (involving a collection agency wrongfully suing a woman for a credit card debt that she did not owe).

Plaintiff also cites definitions of creditor from multiple sources and argues that BANA is not a creditor as to her because she never owed the debt and BANA never had a claim for money

due from her. (Doc. 26 at 8). The Court is not persuaded. Plaintiff only brought FDCPA claims against BANA and thus the Court focuses solely on the FDCPA's definitions. Plaintiff also argues that assuming a creditor will always maintain its status as a creditor regardless of whom it pursues, then a creditor could dun any citizen of the United States for any and all consumer debts owed to the creditor regardless of the identity of the actual obligor. (*Id.*) She asserts that the FDCPA was enacted to prevent this type of abuse. (*Id.*) "In any event, to the extent that such a loophole does exist, it is for Congress, not the courts, to close." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1318 n.8 (11th Cir. 2015) (citing *Artuz v. Bennett*, 531 U.S. 4, 10, 121 S.Ct. 361, 365, 148 L.Ed.2d 213 (2000) ("Whatever merits these and other policy arguments may have, it is not the province of this Court to rewrite the statute to accommodate them.")). Therefore, the Court dismisses Plaintiff's claims (Counts I, II, and III) against BANA with prejudice since amendment would be futile.[7]

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendant Bank of America, N.A.'s, Motion to Dismiss (Doc. 24), filed on January 7, 2019, is **GRANTED**. All of the claims **(Count I, II, and III)** against Defendant Bank of America, N.A., are **DISMISSED with prejudice**.

2. The Clerk is **DIRECTED** to terminate Defendant Bank of America, N.A., as a party to this case.

3. This action shall proceed on **Counts IV, V, and VI** with respect to Defendant James E. Albertelli, P.A.

---

[7] Under Rule 15, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court need not grant leave to amend, however, where such amendment would be futile. *Patel v. Georgia Dep't BHDD*, 485 F. App'x. 982, 982 (11th Cir. 2012). Moreover, as the Court finds that BANA's Motion is due to be granted based on BANA not being a debt collector, the Court declines to address BANA's other grounds for dismissal.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 24, 2019.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record